```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------x
LENCO DIAGNOSTIC
LABORATORIES, INC.,

                Plaintiff,
                                            **MEMORANDUM AND ORDER**
    -against-                               Case No. 15-CV-1435 (FB) (RML)

MCKINLEY SCIENTIFIC, INC.,
MOLECULAR MS DIAGNOSTICS,
LLC, ION TECHNOLOGY SUPPORT,
INC., and OPANS, LLC.

                Defendants.
-------------------------------------------------x
```

**BLOCK, Senior District Judge:**

Plaintiff, Lenco Diagnostic Laboratories, Inc. ("Lenco"), moved to amend its complaint to (1) add OpAns, LLC ("OpAns"), as a defendant and (2) add a claim for negligent misrepresentation. Magistrate Judge Levy issued an order granting leave to add OpAns as part of his jurisdiction over non-dispositive matters, *see* 28 U.S.C. § 636(b)(1)(A), and issued a Report and Recommendation ("R&R") recommending that leave to add the negligent misrepresentation be denied as futile, *see id.* § 636(b)(1)(B).

The R&R advised that objections were due within fourteen days and warned that "[f]ailure to file objections within the specified time waives the right to appeal the district court's order." R&R 13. The R&R was filed and served

simultaneously. To date, no objections have been filed. Indeed, Lenco subsequently filed an amended complaint without a negligent misrepresentation claim and a further amendment removing language that might be construed as such a claim.

Where clear notice has been given of the consequences of failure to object, and there are no objections, the Court may adopt the R&R without de novo review. *See Thomas v. Arn*, 474 U.S. 140, 149-50 (1985); *Mario v. P & C Food Mkts., Inc.*, 313 F.3d 758, 766 (2d Cir. 2002) ("Where parties receive clear notice of the consequences, failure timely to object to a magistrate's report and recommendation operates as a waiver of further judicial review of the magistrate's decision."). The Court will, however, excuse the failure to object and conduct de novo review if it appears that the magistrate judge may have committed plain error. *See Spence v. Superintendent, Great Meadow Corr. Facility*, 219 F.3d 162, 174 (2d Cir. 2000).

No error, plain or otherwise, appears on the face of the R&R. Accordingly, the Court adopts it without de novo review.

**SO ORDERED**.

/S/ Frederic Block_____
FREDERIC BLOCK
Senior United States District Judge

Brooklyn, New York
April 3, 2019